TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00386-CR


NO. 03-08-00387-CR







John Pesina, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NOS. D-1-DC-08-900115 & D-1-DC-08-900116


HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



In each of these causes, appellant John Pesina pleaded guilty to murder, true to the
allegation that he used a deadly weapon, and true to the allegation that he had previously been
convicted of a felony. The district court adjudged him guilty in both cases and assessed
two concurrent life sentences.

Appellant does not challenge the propriety of the convictions or the sentences. 
Instead, in his only point of error, appellant urges that the judgments should be reformed to
accurately state his pleas and the trial court's findings on the enhancement allegations. The
judgments contain these entries: "Plea to 1st Enhancement Paragraph: N/A" and "Findings on
1st Enhancement Paragraph: N/A." Appellant contends that the judgments should state that he
pleaded true to the first enhancement paragraph, and that the trial court found that paragraph to be
true. (1) The State agrees that appellant pleaded true to the enhancement paragraph, but it asserts that
the record does not support appellant's contention that the trial court found that paragraph to be true.

During the April 25, 2008, proceeding at which appellant entered his pleas, the
trial court asked him, "So you understand that plea of guilty and pleas of true mean that you are
going to be facing 15 to life with an affirmative finding of a deadly weapon?" Appellant assured the
court that he understood this. At another point in the proceeding, the court remarked that the
minimum punishment in these causes was fifteen years. See Tex. Penal Code Ann. § 12.42(c)(1)
(West Supp. 2008). The court imposed sentence on May 13, 2008, after hearing evidence and
argument. After remarking that appellant is "an individual that's been to prison before," the
court announced:


In each of these cases, which is Cause Number D-1-DC-08-900116, based upon your
plea of guilty to the offense alleged in Count III [ (2)] and your plea of true alleged in
the first enhancement allegation which alleges the offense of burglary, and in
Cause Number D-1-DC-08-900115, based upon your offense alleged in Count III
there which the first one alleged murder of Pedro Solis and in the second case that
ends in 115 which alleges the death--murder of Bertin Perez and your plea of true
to the enhancement allegation of burglary of a habitation, sir, in each case, I assess
your punishment at confinement for life . . . .



The trial court never expressly stated that it found the enhancement allegation to be
true. The statements quoted above, however, plainly reflect that the court found that appellant had
been previously convicted of burglary as alleged in the enhancement paragraph, and that the court
took that previous conviction into account in assessing punishment. The State draws our attention
to "case status" documents in the clerk's records in which, under the heading "Disposition," the
trial court appears to have drawn lines through the words "Enhanced/Habitual." Insofar as this
suggests that the court did not find the enhancement paragraph to be true, it is contradicted by the
court's statements at trial as shown in the reporter's record.

The judgments of conviction are modified to state that appellant entered a plea of true
to the first enhancement paragraph and that the trial court found that paragraph to be true. As
modified, the judgments are affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Modified and, as Modified, Affirmed

Filed: January 15, 2009

Do Not Publish
1. Each indictment contained a second enhancement paragraph that was abandoned by the State
at the time appellant entered his pleas.
2. Each indictment contained four counts alleging murder under four different theories. The other
counts were abandoned by the State.